A93A1209, A93A1210. JONES v. STATE OF GEORGIA
(two cases).
(435 SE2d 507)

BLACKBURN, Judge.

These appeals arise from two actions for condemnation filed by the State on February 14, 1991, under OCGA § 16-13-49 (e), seeking to condemn two motor vehicles and $2,250 cash allegedly owned by the appellant, Roy Jones. Jones was served with a copy of each action, and answered each complaint within seven days of service. His answers were not verified.

Subsequently, the district attorney moved for judgment for the State, contending that Jones' unverified answers failed to comply with OCGA § 16-13-49 (O) (3). After Jones pointed out that the Code

section did not become effective until July 1, 1991, three months after his answers were filed, and that former OCGA § 16-13-49 (e) did not require verified answers, the district attorney amended his motion to contend that OCGA § 9-10-111 required verification.

Following a hearing on the motion, the trial court concluded that Jones became a party defendant to the condemnation proceedings by virtue of the State having named him in the actions. The trial court then concluded that Jones' unverified answers were legally insufficient under OCGA § 9-10-111, and entered judgment for the State.

On appeal, Jones contends that the trial court erred in concluding that he became a defendant in the proceedings and that verification of his answers was necessary. Under former OCGA § 16-13-49 (e), in effect at the time of commencement of these actions, the district attorney was required to verify the complaint and serve the subject property's owner or lessee, if known, but there was no corresponding requirement for the claimant to verify the answer. Further, Jones argues that verification was not required under OCGA § 9-10-111, because the condemnation actions were in rem proceedings against the property, and he did not become a party defendant merely by being served with and answering the complaints.

The State now concedes that the applicable law supports Jones' contentions in all respects. Accordingly, as requested by the State, the trial court's order is vacated and the matters remanded for a hearing on the merits.

*Judgments reversed and remanded. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 26, 1993.

*Knight & Marlowe, Johnny W. Knight, Terry J. Marlowe,* for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.